JENNIE L. WELLS *vs.* JULIAN A. CHASE.

JULIAN A. CHASE *vs.* JENNIE L. WELLS.

JANUARY 5, 1923.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)    New Trial.    Approval of Verdict.*

Where the trial justice has deceased so that a verdict lacks his approval, on exceptions to a *pro forma* denial of a motion for new trial by another justice, the evidence on the question of negligence being conflicting, and not very strongly preponderating against the verdict and the verdict being one that fair-minded men might have found, it will not be disturbed.

TRESPASS ON THE CASE for negligence. Heard on exceptions of Julian A. Chase in both cases, and overruled.

RATHBUN, J. Each of these cases is an action of trespass on the case for negligence and involves a collision at the intersection of Governor and Waterman streets in the city of Providence between an automobile owned and operated by Julian A. Chase and an automobile owned by Jennie L. Wells and operated by her chauffeur. Wells brought suit to recover for damages to her automobile and for loss of the use of the same during the time it was being repaired and Chase brought suit to recover for damages to his automobile. The two cases were tried together in the Superior Court

before Mr. Justice DORAN sitting with a jury. The jury returned verdicts as follows: For Jennie L. Wells for five hundred dollars in the suit brought by her and for Jennie L. Wells in the suit in which she was defendant. Chase filed a motion for a new trial in each case. Justice DORAN having deceased before hearing said motions, both motions were assigned to another justice of said court who denied each of the motions without hearing arguments of counsel. The cases are before us on the exceptions of said Chase to the denial of said motions.

The verdicts have neither the approval nor disapproval of Mr. Justice DORAN who saw the witnesses and heard them testify. The verdicts lack the support which an approval by Mr. Justice DORAN might have given. See *Wilcox v. R. I. Co.*, 29 R. I. 292.

A single question is presented, whether the verdicts are justified by the evidence. In *Buttera v. R. I. Co.*, 110 Atl. 71, it was stated that "The established law of this State is that a verdict on conflicting evidence will not be set aside, unless the evidence very strongly preponderates against it." If the question presented by conflicting evidence be one on which fair-minded men might honestly differ the verdict of the jury will not be disturbed although another jury or even the court in considering the same evidence might arrive at the opposite conclusion. *Hehir v. R. I. Co.*, 26 R. I. 30; *Powell v. Gallivan*, 44 R. I. 453. The evidence was conflicting upon the issues of negligence and contributory negligence of each of the parties and after a careful examination of the transcript we can not say that the evidence very strongly preponderates against the verdicts or that fair-minded men might not honestly reach the same conclusion as did the jury which rendered the verdicts.

The exception of Julian A. Chase in each case is overruled and each case is remitted to the Superior Court with direction to enter judgment on the verdict.

*Walling & Walling*, for Jennie L. Wells.

*Henry W. Hayes*, for Julian A. Chase.